UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE KOWALESKI,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-260

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security partially denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff was not disabled within the meaning of the Act prior to February 3, 2020. Plaintiff, proceeding pro se, seeks review of that decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff protectively filed applications for DIB and SSI on April 25, 2019, alleging that she had been disabled since August 24, 2007, due to compression fractures at T7, 9–12, Schmorals nodes, degenerative disc disease, degenerative osteoarthritis, cyst in the paraspinal region, syrinx multiple levels at cervical and thoracic spinal column, C5 and 6 central disc protrusion, spinal

stenosis, narrowing of the left-sided neuro foramina, mild facet hypertrophy at C3, narrowing at C3–6, mild facet hypertrophy at C6–7, mild degenerative disc disease, and spondylosis. (PageID.253–54, 430–33, 434–39.) Plaintiff was 28 years old at her alleged onset date and age 39 when she filed her applications. (PageID.253.) Plaintiff had completed three years of college and had past relevant work as a hair stylist and a manicurist. (PageID.119, 481–82.) Plaintiff's applications were denied initially and upon reconsideration. Accordingly, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).

ALJ Laura Chess held telephone hearings on August 26, 2020, and August 20, 2021, at which Plaintiff, a medical expert (ME), and a vocational expert (VE) testified. (PageID.131–251.) On December 15, 2021, ALJ Chess issued a partially favorable decision, finding that Plaintiff had become disabled as of February 3, 2020, but was not disabled prior to that date. (PageID.121–22.) The Appeals Council (AC) denied Plaintiff's request for review on January 9, 2023. (PageID.91–93.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on March 13, 2023.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden of establishing the right to benefits, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ first determined that Plaintiff met the insured status requirements of the Act through March 31, 2024, and had not engaged in substantial gainful activity since her alleged onset date of August 24, 2007. (PageID.103–04.) At steps two and three, the ALJ found that Plaintiff

---

Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

suffered from severe impairments of: (1) degenerative disc disease of the cervical spine; (2) degenerative changes, status post compression fractures, and syrinx of the thoracic spine; (3) degenerative joint disease of the left acromioclavicular (AC) joint; (4) partial thickness tear of the left shoulder status post-surgery; (5) tendonitis; (6) obesity; and (7) adjustment disorder with anxiety, all of which, whether considered alone or in combination with other impairments, failed to meet or medically equal the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.104–08.)

The ALJ found that prior to February 3, 2020, Plaintiff retained the RFC to perform a reduced range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) as follows:

> [The claimant] could lift and/or carry 20 pounds occasionally and 10 pounds frequently. She could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs with the use of a handrail. She could frequently balance as defined by the Selected Characteristics of Occupations. The claimant could occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally reach overhead with the non-dominant left upper extremity. The claimant could frequently reach in all other directions with the non-dominant left upper extremity. The claimant could frequently handle with the non-dominant left upper extremity. The claimant could not work at unprotected heights or in the vicinity of uncovered, unguarded moving machinery. The claimant could remember and carry out simple instructions. The claimant can make simple work-related decisions. The claimant could occasionally interact with coworkers and the public. The claimant could tolerate occasional changes in a routine work setting.

(PageID.108.)

The ALJ found that Plaintiff could not perform her past relevant work (PageID.119), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of cleaner housekeeper, merchandise marker, and office helper, approximately 334,000 of which existed in the national economy. (PageID.120.) The ALJ further found that even using the more restrictive

hypothetical posed to the VE, Plaintiff would still retain the physical and mental ability to perform two jobs at the sedentary level, with approximately 60,000 positions existing in the national economy. (PageID.120–21.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). The ALJ thus concluded that Plaintiff was not entitled to benefits prior to February 3, 2020. (PageID.121.)

## **DISCUSSION**

Plaintiff raises five issues in her appeal: (1) whether the administrative record is complete; (2) whether the ALJ abused her discretion in limiting Plaintiff's questioning of the medical expert; (3) whether the ALJ should have considered Plaintiff's previous work as a financial advisor in her step-four determination; (4) whether the ALJ's decision that Plaintiff was not disabled prior to February 3, 2020 was supported by substantial evidence; and (5) whether the ALJ fully and fairly developed the record.[2] (ECF No. 18 at PageID.2149–52.)

**I.    Missing Exhibit**

In her first ground, Plaintiff states that "[t]he record fails to account in the court transcript index (PageID.84) for correspondence dated December 5, 2022 indicating additional medical records exhibit 42F were received, after decision was made by the administrative law Judge (ALJ)." (ECF No. 18 at PageID.2149.) She attached the December 5, 2022 letter from the AC and her response commenting on Exhibit 42F as Exhibits 1 and 2 (a and b) to her complaint. The AC's

---

[2] Plaintiff presents another issue which poses the question, "Is there a broad policy or procedural issue that may affect the public interest?" (ECF No. 18 at PageID.2151.) However, Plaintiff does not link this ground to a specific aspect of the ALJ's decision. Accordingly, I do not consider it as a separate issue. To the extent Plaintiff asserts that the ALJ should have reached a different outcome based on the evidence in the administrative record, I find that that argument provides no basis to disturb the ALJ's decision because it is nothing more than Plaintiff's disagreement with the ALJ's interpretation of the evidence.

letter advised Plaintiff that, because it had received Exhibit 42F after she submitted her request to review the ALJ's decision, it was providing her an opportunity to review and comment on the evidence. (ECF No. 1-1.) Plaintiff faxed her response to the AC on January 5, 2023. (ECF No. 1-2.) The AC denied Plaintiff's request for review on January 9, 2023. In her initial brief, Plaintiff fails to explain how the letter and her response are material to the ALJ's decision. In her reply, Plaintiff suggests that the AC's denial letter fails to acknowledge its receipt of her response. (ECF No. 23 at PageID.2193.)

Plaintiff fails to demonstrate error warranting remand. The record clearly shows that Exhibit 42F—records from August 2021 through September 2021—were in the record at the time the ALJ issued her decision. (PageID.130.) In fact, the ALJ expressly considered those records, which were generated about eighteen months after the date the ALJ found Plaintiff became disabled. (PageID.117.) In other words, they supported the ALJ's conclusion that Plaintiff was disabled after February 3, 2020. Moreover, Plaintiff fails to show that the AC did not receive and/or consider her response before issuing its denial letter. In any event, as discussed below, the ALJ fully considered the evidence generated between August 2007 and February 3, 2020 and reasonably determined that Plaintiff was not disabled prior to that date.

## II.     ALJ's Limitation on Questioning of Medical Expert

During the August 10, 2021 hearing, the ALJ received testimony from ME Jeffrey Hansen concerning Plaintiff's spinal impairments and how they affected her ability to perform physical work activities. (PageID.131, 158–91.) The ALJ permitted Plaintiff to question the ME extensively. (PageID.178–91.) During the examination, Plaintiff sought to ask the ME about the number of joints in the spine, but the ALJ determined that this information was not relevant to the issues before the ALJ. Thus, Plaintiff was precluded from obtaining this information. (PageID.188.)

7

It is well established that due process requires that a social security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971)). However, a claimant is not entitled to unlimited cross-examination. *See Moore v. Secretary of HHS*, No. 4:91CV110, 1992 WL300849, at *2 (W.D. Mich. Aug. 10, 1992). Rather, an ALJ need only permit such cross-examination as may be required for a "full and true disclosure of the facts." 5 U.S.C. § 556(d); *see also* 20 C.F.R. §§ 404.950(e), 416.1450(e). The Hearings, Appeals, and Litigation Law Manual (HALLEX) provides that the claimant has the right to question an ME, but the ALJ will determine when the claimant may do so and whether the claimant's questions are appropriate. HALLEX I-2-6-70 § C.

Here, the ALJ properly exercised her discretion to redirect Plaintiff's questions to topics that were relevant to the issues at hand, and Plaintiff continued to explore several other areas with the ME. Plaintiff asserts that the ALJ abused her discretion in limiting Plaintiff's questioning because this information could have been useful in establishing that she met a listing at step three. (ECF No. 23 at PageID.2194.) The hearing transcript shows that Plaintiff questioned the ME about the listings. The ME testified that the evidence failed to establish that any of the relevant listings were met or medically equaled. (PageID.186–88.) Plaintiff fails to explain which listing she contends would have been met through her question about the number of joints in a spine and fails to cite medical evidence showing that a listing was met or equaled. The ALJ thus properly exercised her discretion in limiting Plaintiff's examination of the ME.

Finally, Plaintiff suggests that the transcript does not accurately portray her questions to the ME. While the transcript shows that some issues arose during the hearing, nothing suggests that the transcript does not accurately reflect what occurred at the hearing. Therefore, this claim of error lacks merit.

### III.    Past Relevant Work

Plaintiff's third ground is not entirely clear, but she appears to argue that the ALJ erred in her step four analysis by not finding that Plaintiff's previous work as a financial advisor did not qualify as past relevant work. At the August 2021 hearing, the ALJ explained that while Plaintiff's work as a financial advisor met most of the requirements to be considered past relevant work, Plaintiff "did not perform that work long enough to meet the specific vocational preparation for that work." (PageID.194.) Nonetheless, the ALJ considered Plaintiff's past work as a hair stylist and manicurist as past relevant work and found that she was unable to perform those jobs following her alleged onset date. (PageID.119, 193.)

Although Plaintiff contends that the ALJ should have considered her past work as a financial advisor at step four, she fails to show that the ALJ erred in concluding that Plaintiff's financial advisor work did not qualify as past relevant work for the reasons she cited. Moreover, Plaintiff fails to demonstrate prejudice because the ALJ's step-four finding that Plaintiff could not perform her past relevant work was favorable to Plaintiff's claim for benefits. In other words, had the ALJ found otherwise, her claim would have been denied at step four. *See Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009) (stating that the court will not remand a case for further administrative proceedings absent prejudice on the merits or a deprivation of substantial procedural rights). Thus, this claim of error lacks merit.

### IV.    Lack of Substantial Evidence

Plaintiff's fourth claim of error is that the ALJ's RFC determination for the period prior to February 3, 2020, is not supported by substantial evidence. A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular

9

and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). While the ALJ determines the claimant's RFC, that finding must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

Review of the ALJ's decision and the medical record shows that she did not err in determining Plaintiff's RFC and that her findings were supported by substantial evidence. Plaintiff's impairments resulted primarily from injuries she sustained in an August 2007 automobile accident. After noting Plaintiff's allegations of disabling symptoms (PageID.109), the ALJ discussed the objective medical evidence, including imaging of Plaintiff's thoracic, cervical, and lumbar spine from August 2007 through December 2019, which showed some abnormal findings but was generally unremarkable. (PageID.109–11, 592, 613, 618, 622, 628, 630–31, 633, 803, 818, 901–03, 1582–83, 1585, 1896–97.) Similarly, the ALJ noted that imaging of Plaintiff's left shoulder and left hip during this time was generally normal, with a shoulder finding near the end of this period of a low-grade partial-thickness tear of the supraspinatus. (PageID.110–11, 615, 619, 621 893, 900, 1905.)

The ALJ also considered treatment records from this period. The ALJ found that while examination findings often reported some abnormal signs, many findings on those occasions were unremarkable, such as a normal gait, adequate range of motion, normal strength, intact sensation, and normal bulk and tone. (PageID.110–11, 1589–90, 1607–08, 1656, 1868.) The ALJ also noted several instances in which Plaintiff denied experiencing any joint pain. (PageID.111, 672, 702,

1055, 1063.) The ALJ also observed that in March 2009, Plaintiff's pain specialist reported that he believed Plaintiff was not incapacitated by her pain, but had only some discomfort that needed to be treated occasionally. (PageID.110, 1666.) Related to examination findings, the ALJ also noted that during the relevant period, Plaintiff's providers prescribed conservative treatment, including pain medication, a brace and a splint, physical therapy, massage therapy, and injections. (PageID.110–12, 764–72, 1594, 1608, 1623, 1678–79, 1696–99.) The ALJ properly considered this evidence in evaluating Plaintiff's subjective symptoms. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 638 (6th Cir. 2016) (noting that the plaintiff's "routine and/or conservative treatment for the allegedly disabling impairments" was a proper basis to discount his allegations of pain).

The ALJ also considered Plaintiff's daily activities, finding them somewhat inconsistent with her reported symptoms. (PageID.107–09.) It was appropriate for the ALJ to take Plaintiff's daily activities into account in evaluating her symptoms. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The ALJ further considered that there were several instances after the alleged onset date in which Plaintiff reported to her providers that she was working full time. (PageID.111, 1872, 1876.) While the ALJ noted that this work activity did not rise to the level of substantial gainful activity, he appropriately considered it in concluding that Plaintiff's complaints of disabling pain were not as severe as she claimed and that such activity supported an RFC for a reduced range of light work. (PageID.114.) Finally, the ALJ properly evaluated and considered the opinion evidence pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. (PageID.113–16.) The ALJ's RFC finding for a range of light work was supported by, and consistent with, several medical opinions that the ALJ found generally persuasive.

In sum, the ALJ properly evaluated Plaintiff's symptoms in accordance with 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and SSR 16-3p. The ALJ was not bound to credit Plaintiff's subjective complaints if they were undermined by other evidence in the record. *See Simons v. Barnhart*, 114 F. App'x 727, 732 (6th Cir. 2004) ("The ALJ . . . was not bound to accept Simons's subjective complaints if the evidence in the record demonstrated otherwise."). Although Plaintiff contends that the ALJ should have found her disabled, the Court must affirm the ALJ's findings "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Her argument to the contrary is simply a request that the Court reweigh the evidence, but it is not this Court's role to reweigh the evidence presented to the ALJ or second guess her decision. *See, e.g., Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that the court "reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ"). Because substantial evidence supports the ALJ's finding, this argument lacks merit.

**V.      Failure to Develop the Record**

In her final claim of error, Plaintiff appears to argue that the ALJ failed to perform her duty to develop the record fairly. In particular, she contends that the ALJ failed to obtain a 2008 record containing test results from Dr. Eric Wilmarth, Ph.D., which, she asserts, "has every reason to show disabling results." (ECF No. 18 at PageID.2151.) Plaintiff raised the issue during the August 26, 2020 hearing, but was unable to recall Dr. Willmarth's name (PageID.225–28), and she did not provide his name or contact information during an August 11, 2020 phone contact. (PageID.556.)

Sixth Circuit cases provide that the claimant has the ultimate burden to prove disability. *Walters*, 127 F.3d at 529; *see also Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir.

12

2008). The claimant must provide an adequate record on which the ALJ can make an informed decision regarding the claimant's disability status. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). However, an ALJ is responsible for "ensuring that every claimant receives a full and fair hearing[.]" *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). This responsibility is balanced with the fact that "[p]romoting the claimant's case . . . is not the ALJ's obligation," because they are "a neutral factfinder, not an advocate." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) (citing *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000) (plurality opinion)). "So while the ALJ must ensure that every claimant receives 'a full and fair hearing,' the ultimate burden of proving entitlement to benefits lies with the claimant." *Id.* (quoting *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 856 (6th Cir. 1986)) (citing 20 C.F.R. § 404.1512(a)).

The ALJ may have "a special, heightened duty to develop the record" in certain circumstances. *Wilson*, 280 F. App'x at 459. This heightened duty arises if "a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Id.* It is not enough that "a claimant is unsophisticated and appears without counsel." *Moats*, 42 F.4th at 564.

Here, the circumstances do not show that the ALJ had a heightened duty to develop the record, even though Plaintiff was proceeding pro se. Plaintiff was fully aware of her right to counsel, but elected to represent herself, noting that she had "had bad experiences with attorneys" and knew "[her] case and [her] situation." (PageID.211–12.) Moreover, the hearing transcript does not show that Plaintiff was unsophisticated or incapable of presenting an effective case. *See Bledsoe v. Comm'r of Soc. Sec.*, No. 1:16-CV-816, 2017 WL 3392763, at *6 (W.D. Mich. Aug. 8, 2017) ("[W]hile Plaintiff was not represented by counsel at the administrative hearing, there is no

13

indication that Plaintiff was incapable of effectively advocating her position."). Thus, I conclude that no special duty arose in this case.

Even if such duty existed, the record shows that the ALJ made a reasonable effort to obtain the more-than-ten-year-old record. (PageID.226–27, 249–51, 562–64, 1555–58.) The Agency sent a request for the records, but Dr. Wilmarth did not respond. (PageID.562–64.)

In addition, the ALJ does not err in failing to obtain additional evidence if the record contains a "considerable amount of evidence" pertaining to the claimant's limitations. *Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013). Here, the record contained sufficient evidence to allow the ALJ to properly assess Plaintiff's mental impairment and articulate appropriate mental limitations in her RFC finding. That evidence included mental status examinations during the entire period, which were generally unremarkable. (PageID.112, 832–34, 844–46, 856–58, 878–80, 889, 942, 1054, 1064.) The ALJ also discussed prior administrative findings by State agency medical consultants, who opined that Plaintiff's mental impairments were non-severe. (PageID.113.) The ALJ found these opinions unpersuasive because the overall evidence in the record, including evidence received after the reviewers rendered their opinions, indicated that Plaintiff's mental impairments were severe. (PageID.104, 113.) The record also contained a mental assessment from August 27, 2019, reporting normal findings, (PageID.783–97), as well as therapy treatment notes from November 2019 through February 2019.

In any event, remand is not warranted here because Plaintiff fails to demonstrate that Dr. Wilmarth's records would have led the ALJ to reach a different decision. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969)) (a court need not remand a case where "remand would be an idle and useless formality"); *Hinton v. Comm'r of Soc. Sec.*, No. 1:10-CV-667, 2011 WL 3812693, at *8 (W.D.

Mich. Aug. 11, 2011), *report and recommendation adopted*, 2011 WL 3812689 (W.D. Mich. Aug. 29, 2011)  (remand unnecessary where ALJ's failure to fully develop the record was harmless because the proffered evidence would not have supported a different conclusion)  (citing *Walls v. Astrue*, 282 F. App'x 568, 571–72 (9th Cir. 2008)),

Therefore, this claim of error lacks merit.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.

Dated: December 4, 2023                                         /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).