UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KOWALESKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 1:23-cv-260

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

    The Court has reviewed Magistrate Judge Berens's Report and Recommendation recommending that the Court affirm Defendant Commissioner of Social Security's December 15, 2021 decision partially denying Plaintiff Lisa Kowaleski's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 24). The Court has also reviewed Plaintiff's Objections to the Report and Recommendation. (ECF No. 28). Under the Federal Rules of Civil Procedure, where—as here—a party has objected to portions of a Report and Recommendation, "[t]he district judge has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (3d ed. Apr. 2023 update). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

2

FED R. CIV. P. 72(b)(3).  *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds that the Magistrate Judge's careful and thorough Report and Recommendation is factually sound and legally supported.

Plaintiff asserts that she became disabled on August 24, 2007 after an automobile accident, but the Administrative Law Judge ("ALJ") concluded that Plaintiff only qualified for DBI and SSI starting on February 3, 2020. (ECF No. 5-2 at PageID.98–122). Plaintiff argues on appeal that the ALJ made five errors—including failing to fully and fairly develop the administrative record—when she denied Plaintiff's DBI and SSI application for the period from August 24, 2007 through February 2, 2020. (ECF Nos. 1, 13). Magistrate Judge Berens recommends that the Court reject Plaintiff's claims, and the Court agrees. The ALJ based her decision on a fully developed administrative record, and substantial evidence supports the ALJ's determinations that prior to February 3, 2020, Plaintiff's Residual Functional Capacity ("RFC") allowed her to perform light work and that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (ECF No. 5-2 at PageID.98–122). Plaintiff's objections have no impact on the Court's analysis because they are tangential rehashes of arguments the Magistrate Judge appropriately addressed and rejected in her Report and Recommendation. (ECF No. 28).

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 24), is **APPROVED AND ADOPTED** as the opinion of the Court.

    2.    Defendant Commissioner of Social Security's decision, (ECF No. 5-2 at PageID.98–122), is **AFFIRMED**.

    3.    This matter is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: January 18, 2024

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE